Common Pleas Court of Hamilton County.

JENNIE KRAVITZ V. METROPOLITAN LIFE INSURANCE CO.*

Decided April 11, 1933.

*Sol Goodman*, for plaintiff.
*Mallon, Marble & Vordenberg*, for defendant.

MATTHEWS, J.

This case comes before the court upon the defendant's motion for a new trial.

The action is upon a life insurance policy by the beneficiary. The policy was issued on June 1, 1927, and provided for quarterly premiums. The insured died on February 25, 1931. All premiums were paid to September 1, 1930. It was admitted that the custom was for the. defendant to give notice in one form or another to the insured before the due date of the premium. The defendant claimed that it gave the usual notice of the due date of September 1, 1930, premium whereas the plaintiff claimed that it gave no notice of any sort until late on the last day of the period of grace when it was next to impossible to pay within the grace period.

---

*No appeal was taken from this decision.

This was really the only issue in the case and the evidence was conflicting on it. The evidence for the plaintiff shows that at that time the insured was physically and mentally sick. There was, therefore, a strong motive to keep the insurance in force. A fair inference is that the failure to pay the premium resulted from its maturity not having been called to the attention of the insured and those representing him. The further fact that the premium was tendered four days afterward, also tends to prove that there had been no intention to allow the policy to lapse.

In view of all the evidence the court cannot say that the verdict of the jury is manifestly against the weight of the evidence.

Counsel contends that as a matter of law there was no duty to notify the insured of the maturity of the premium and that the insurer is not bound by any action of the agents in collecting the prior premiums.

It seems to me that whenever the insurer, (as distinguished from the unauthorized agent), in any way, although not bound by law to do so, assumes to notify the insured of the maturity of the premiums and persists in that course for such a time as to cause the insured to rely upon it and to be thereby lulled into a state of inattention, the insurer cannot abandon the self-imposed task without giving timely warning to the insured that thereafter he should not expect such a notice or warning of the maturity of the premium. That is what I conceive to be the decision in *Union Central Life Ins. Co.* v. *Paltker*, 33 O. S. 459. If the plaintiff's evidence was believed, (and the jury did believe it) the method pursued in the case at bar was substantially the same as in that case, and the court said in that case that

"good faith requires that this mode of collection should not be discontinued—without notice to the insured."

The court is of the opinion that the motion for a new trial should be overruled.

In entering judgment there should be deducted from the verdict the amount of $19.54 representing the two premiums due on September 1 and December 1, 1930.